IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHRISTOPHER E. MORRIS
a/k/a/ MICHAEL J. HARRIS,
        Plaintiff,

vs.                                         Case No.:  4:05cv223/MMP/EMT

DIANE JAMES, Head of Administration, et al.,
        Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

This matter is before the court on Plaintiff's amended civil rights complaint and "Consolidated Motion to Take Notice and for Clarification" (Docs. 31, 32).  Leave to proceed in forma pauperis has been granted (Doc. 17).

Plaintiff, an inmate at the Pinellas County Jail ("Jail"), names as Defendants the Head of Administration of the Florida State Hospital ("Hospital") in Chattahoochee, Florida, several members of the Hospital staff, the Chief of the Chattahoochee Police Department, and the sheriff and former sheriff of the Pinellas County Sheriff's Department (Doc. 31 at 1, 2).  Plaintiff claims that Defendants violated his First, Eighth, Fourteenth, and Fifteenth Amendment rights with regard to an assault upon him by another patient at the Hospital.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual

allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claims.  On July 14 or 15 of 2004, while Plaintiff was a patient at the Hospital, he was attacked by another patient, Jason Hamrick (Doc. 31 at 5).  As a result of the attack, Plaintiff suffered an injury to his eye, bruises, and scars, and received medical treatment for those injuries (id.).  Defendant Harrell, a member of the Hospital staff, told Plaintiff that he (Plaintiff) and Hamrick would be separated (id.).  Hamrick was moved to another building (id.).  One week later, on July 21, 2004, Hamrick was returned to Plaintiff's building and housed five rooms away (id.).  Plaintiff informed Defendants Harrell and McFalls, another member of the Hospital staff, that he did not feel safe around Hamrick (id.).  Defendant McFalls informed Defendant Harrison, a Treatment Team member (id.).  Later that day, Defendant Strickland, the head of Hospital security, discussed the assault with Plaintiff and informed Plaintiff that either he (Plaintiff) or Hamrick would be relocated (id. at 6).  The next day, Defendant Harrell informed Plaintiff that he would be relocated to another building, and Plaintiff was indeed relocated (Doc. 1 at 9; Doc. 31 at 7).

Plaintiff complains that he was not initially informed by Hospital staff of his "right" to "press charges" against Hamrick (Doc. 31 at 5).  When a staff member informed Plaintiff that he was allowed to "press charges," Plaintiff told Defendants McFalls, Harrell, Harrison, Marlow, Revell, and Strickland that he wished to press charges against Hamrick, but they did nothing to assist him (id. at 5-6). On July 22, 2004, the day after Hamrick was returned to Plaintiff's building, Plaintiff called the Gadsden County Sheriff's Department to report the assault, but an unidentified deputy informed Plaintiff that the Sheriff's Department did not have jurisdiction over the matter and

referred him to the Chattahoochee Police Department (*id*. at 6).  Plaintiff then contacted the Police Department and stated he wished to pursue charges (*id*.).  An unnamed employee of the Police Department told Plaintiff that an officer would be sent to investigate and discuss the matter with Hospital security (*id*.).  It was after this telephone call that Defendant Harrell informed Plaintiff that he would be moved to another building (*id*. at 7).  Defendant Harrell also told Plaintiff that it was not Hospital procedure to encourage patients to pursue charges against other patients, to inquire if a patient wished to pursue charges, or to initiate criminal charges against a patient (*id*.).  Plaintiff told Defendant Harrell that he still wished to pursue criminal charges against Hamrick (*id*.).  Plaintiff then called the state health department and made a tape-recorded complaint (*id*.).  He was told that he would receive a response in two weeks, but he was returned to the Pinellas County Jail ("Jail") in the meantime (*id*.).

Upon Plaintiff's arrival at the Jail on August 4, 2004, Plaintiff was placed in a segregation unit where he was not allowed legal material, access to an attorney, or outside mail (*id*.).  He informed several officers that he wished to pursue criminal charges against Hamrick, but none of the officers responded (*id*.).  Upon Plaintiff's release from segregation in January of 2005, he asked his attorney to assist him in pursuing criminal charges against Hamrick, but his attorney informed him that there was nothing he could do (*id*.).  On July 2, 2005, Plaintiff filed a grievance, but the grievance was denied (*id*. at 8).  He then spoke with "Mrs. Castro," but she said she could not do anything because the assault occurred in Gadsden County (*id*.).

Plaintiff claims that Defendants violated his First, Eighth, Fourteenth, and Fifteenth Amendment rights (*id*.).  As relief, he seeks nominal damages for Defendants' depriving him of his right to press charges, as well as compensatory damages for emotional and mental distress and physical injuries he suffered as a result of the attack (*id*.).

Initially, Plaintiff's claim under the Fifteenth Amendment is frivolous.  The Fifteenth Amendment provides that "the right of citizens to vote shall not be denied or abridged by the United States or any State on account of race, color, or previous condition of servitude."  U.S. CONST. amend. XV.  Plaintiff has alleged no facts suggesting that Defendants interfered with his right to vote; therefore, his Fifteenth Amendment claim should be dismissed.

Additionally, under no set of facts can Plaintiff establish that his First and Fourteenth Amendment rights were violated.  Plaintiff has no constitutional right to pursue a criminal action against Jason Hamrick because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).  Furthermore, a public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime.  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (claim that police violated due process by failing to conduct adequate investigation into violent incident between two citizens failed to state civil rights claim unless there was another recognized constitutional right involved); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir.), *cert. denied*, 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984).

Additionally, although it is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983 (*see* Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491,52 L.Ed.2d 72 (1977), Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991)), to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  Lewis, 116 S.Ct. at 2179-80.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Id.* at 2181.  Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'"  *Id.* at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

In the instant case, Plaintiff alleges Defendants failed to assist him in pursuing criminal charges against Hamrick.  However, Plaintiff had no constitutional right to have Hamrick criminally prosecuted, as discussed *supra*; therefore, he cannot establish that Defendants interfered with his

pursuit of a legal claim of the nature protected by the First Amendment guarantee of access to the courts.  Therefore, he cannot satisfy the injury requirement set forth in Lewis.

To the extent Plaintiff asserts an Eighth Amendment claim against Hospital staff for failing to protect him from the attack by Hamrick, he has failed to state a constitutional claim.  Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 833,114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (citations omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  *Id.,* 511 U.S. at 834, 114 S.Ct. at 1977.  In order to state a claim for cruel and unusual punishment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature."  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)); *see also* McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995) ("An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights.").  To be held liable for failing to prevent an attack, a correctional official must be found to have known and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994); *see also* Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984); Jones v. Phyfer, 761 F.2d 642, 646 (11th Cir. 1985).  The risk of injury must be substantial, beyond mere possibility.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm."  *See* Brown, 894 F.2d at 1537 (finding defendants informed of "racial problem" in victim's cell not liable).  Furthermore, while an officer has an affirmative duty to prevent another from violating an individual's constitutional rights, the officer must have a realistic opportunity to prevent the illegal conduct.  *See* Ensley v. Soper, 142 F.3d 1402, 1407-08 (11th Cir. 1998); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).  Finally, a merely negligent failure to protect an inmate does not state a claim under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In the instant case, Plaintiff does not allege facts suggesting that prior to the attack by Hamrick, Defendants were aware that Hamrick posed a substantial risk of serious harm to Plaintiff. Furthermore, Plaintiff concedes that the day after Hamrick returned to Plaintiff's dormitory, and in response to Plaintiff's complaints that he did not feel safe, Plaintiff was relocated to another building.  Therefore, to the extent Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to protect him from Hamrick, his claims should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida this 16th  day of March 2006.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**