IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER E. MORRIS
a/k/a MICHAEL J. HARRIS,

    Plaintiff,
v.                                        CASE NO. 4:05-cv-00223-MP-EMT

DIANE JAMES, Head of Administration, et al.,

    Defendants.
_____/

**O R D E R**

This matter is before the Court on Doc. 33, Report and Recommendation of the Magistrate Judge, recommending that Plaintiff Christopher E. Morris's ("Plaintiff") amended civil rights complaint and "Consolidated Motion to Take Notice and for Clarification" (Docs. 31, 32) be Dismissed with Prejudice. The Magistrate Judge filed the Report and Recommendation ("Recommendation") on Thursday, March 16, 2006. The parties have been provided with a copy of the Report and Recommendation and have been afforded the opportunity to file objections. Plaintiff has filed objections to the Magistrate's Report, Doc. 34. Pursuant to Title 28, Untied States Code, Section 626(b)(1), this Court must make a *de novo* review of those portions to which an objection is made.

In his objections, Plaintiff rehashes his initial claim that his civil rights were violated when the Defendants failed to assist the Plaintiff in pressing charges against his assailant. Plaintiff had no constitutional right to have his assailant criminally prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Further, as the Magistrate correctly finds, a public official or agency has no affirmative

constitutional duty to a member of the public to intervene in or investigate an alleged crime. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985).

To successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must prove he was actually harmed or prejudiced with respect to litigation in which he was involved. Lewis v. Casey, 518 U.S. 343 (1996). In this case, Plaintiff cannot establish that Defendants interfered with a legal claim protected by the First Amendment's guarantee of access to the courts because Plaintiff had no constitutional right to pursue criminal charges against his assailant.

Plaintiff's claim that his rights were violated by the failure of the Defendants to protect him against attack is without merit. To be held liable for failing to prevent an attack against a prisoner, a prison official must be found to have known and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 US 825, 833 (1994); see Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984). Here, Plaintiff does not even allege, much less provide any evidence, that Defendants were aware of any threat to Plaintiff's safety prior to the attack. Therefore, liability cannot attach to the Defendants for failure to prevent the attack.

Plaintiff also requests that should the court dismiss his claim, it do so without prejudice. Plaintiff requests that the case be dismissed without prejudice so that he may "further investigate at a later date." Doc. 34 at 4. Plaintiff, however, has failed to provide adequate justification for a dismissal without prejudice. Therefore, Plaintiff's request is denied.

Finally, it appears that Plaintiff is wishing to use his objections as a formal Notice of

Appeal. At the time Plaintiff filed his objections, however, there was no judgment to appeal. If Plaintiff seeks to appeal this order, he must file a separate Notice of Appeal upon receiving this order. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. All pending motions are denied as moot.

**DONE AND ORDERED** this   *8th* day of June, 2006

                *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge